By the Court, Bosworth, Ch. J.
It is found as facts, that the sale and conveyance to Miles, and the assignment to Charles S. Baldwin were not made with intent to hinder, delay or defraud the creditors of Baldwin & Co.; and that each of them was made without any such intent.
If these facts are correctly found upon the evidence, the complaint was properly dismissed.
That Baldwin & Co. were indebted to Miles on the 6th of Uovember, 1861, between the sums of $5000 and $6000, is undisputed. That at the time of the transfer by the former to the latter, of the goods, at the nominal or actual price of *381 $8000, Baldwin & Oo. did not contemplate making an assignment, is sworn to positively, and not contradicted. That the goods were worth over $8000, no witness ventures to affirm. That it was then agreed that Miles should have a credit of six, nine and twelve months for the difference between the amount due him and the sum he was to pay for, or might realize from, the goods, is expressly sworn to and not contradicted; and it does not appear that he was to be paid any thing for his services in selling the goods.
If the original transaction can be regarded as a transfer of the goods to Miles as security for the payment of his claim, with power to sell the goods and apply the proceeds first to pay the sum due to him and account for the surplus, if any, then the transaction was in substance a mortgage with a power to sell presently, and was not void if there was no actual-intent to hinder, delay or defraud. (Leitch v. Hollister, 4 Comst. 211.) It was not an assignment in trust for any part of the creditors of Baldwin & Oo., nor was it in any sense any more a transfer in trust than every mortgage to secure a debt is. Every mortgagee must account for the surplus, if any, and an express promise to account for it is but-co-extensive with the legal liability created by the relation of mortgagor and mortgagee.
Assignments of personal property by a debtor/ though in insolvent circumstances, to a creditor to secure him for existing claims and engagements, if made bona fide,-will be deemed valid, (Hendricks v. Robinson, 2 John. Ch. 283, 306,312. S. C. 17 John. 438.)
Before the 13th of November, 1861, Miles had sold this stock of goods, and the arrangement then was that Miles should give his notes for the agreed price of the goods, $8000, and stand as a creditor for the sum due tó him, The goods he had sold before this, and the purchaser of them is not a party to this suit. That the goods were worth more than the sum for which Miles gave his notes is not pretended, and that the disposition which" he made of them is invalid, or unauthor *382 ized, or was made with, a fraudulent intent, I am not able to perceive.
The assignment to Baldwin can not be held void, merely by force of any vice inherent in the transfer or transaction of the 17th of November. That was executed before the notes were given, to the extent and in the sense that the property transferred by the bill of sale to Miles had been sold by him to a purchaser, the bona fides of whose purchase is not called in question.
Baldwin & Co. and Miles, on the 13th of November, adjusted the matters between them growing out of the transfers to Miles, and it is not disputed that the notes he gave for the property which he had received and sold, were for an aggregate sum equal to their full value.
Preferring Miles as creditor for the sum due to him, did not place him in any more favorable position in respect to the proceeds of the goods sold, than he occupied under the agreement of November 7th.
And on the evidence, it can not be concluded that the transfer of the goods on the 7th was made with intent by Baldwin & Co. to make ah assignment of the obligation of Miles to account for the surplus.
There is no evidence tending to show the assignment fraudulent, regarding it as a transaction separate in intent and fact, from the transfer of the 7th of November. And that transfer being made with an actual honest intent, and there being nothing in its terms or undisputed circumstances upon which the law can pronounce the intent to be fraudulent, the plaintiff’s complaint was properly dismissed.
A dismissal was the proper judgment on the facts found. Those facts are warranted by the evidence.; and no different or further facts could "be found on the evidence, varying the legal conclusions consequent upon them.
The judgment should be affirmed.